IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDI GONZALEZ MELENDEZ,      :      No. 3:26cv1490
                    Petitioner      :
                                    :      (Judge Munley)
            v.                      :
                                    :
MARKWAYNE MULLIN, in his Official   :
Capacity, Secretary of the U.S.     :
Department of Homeland Security;    :
TODD BLANCHE, in his Official       :
Capacity, Acting Attorney General of :
the United States; JOHN E. RIFE, in :
his Official Capacity as Philadelphia :
Office Director for Enforcement and :
Removal Operations, U.S.            :
Immigration and Customs             :
Enforcement; and CRAIG A. LOWE is   :
named in his official capacity as the :
Warden Pike County Correctional     :
Facility,                           :
                    Respondents     :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Fredi Gonzalez Melendez is a native and citizen of Mexico in the custody of

the Department of Homeland Security ("DHS"), Immigration and Customs

Enforcement ("ICE") at the Pike County Correctional Facility. (Doc. 1-2, Pet. Ex.

1, ICE Detainee Locator).  Before the court is Gonzalez Melendez's petition for

writ of habeas corpus filled under 28 U.S.C. § 2241.[1] (Doc. 1).

_____

[1] The court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2241(a).

Gonzalez Melendez's petition supplies no facts for the court to consider. Thus, the following brief background is derived from the exhibits supplied by the respondents in this matter. According to those documents, Gonzalez Melendez entered the United States at an unknown location and unknown time. (Doc. 5-2, Resp. Ex. 1, at 1). He was working at a supermarket in Allentown's center city district. Id. On March 3, 2026, DHS, ICE, and Internal Revenue Service agents followed Gonzalez Melendez from his residence to the supermarket after an hour-long stakeout. At approximately 7:05 AM, an ICE enforcement and removal officer confronted the petitioner outside his place of employment. Id. Gonzalez Melendez allegedly took flight, but officers detained him shortly thereafter.

ICE agents transferred Gonzalez Melendez to Pike County to be processed. They served him with a Notice to Appear charging him as inadmissible pursuant to 8 U.S.C. §1182(a)(6)(A)(i) (entering without being admitted or paroled) and 8 U.S.C. §1182(a)(7)(A)(i)(I) (not being in possession of documents).

Gonzalez Melendez's counsel subsequently requested a custody determination pursuant to 8 C.F.R. § 1236. (Doc. 5-4, Resp. Ex. 3). An IJ conducted a hearing on April 6, 2026. Id. She denied bond because Gonzalez Melendez "appear[ed] to have been arrested twice for DUI and failed to provide dispositions for the arrests." Id. Information supplied by the respondents

2

indicates that the petitioner was granted a pretrial diversion program for driving under the influence in 2011. At the time of his immigration arrest, Gonzalez Melendez also had an outstanding warrant for driving under the influence and possession of a controlled substance from an alleged offense date in December 2019. (Doc. 5-2, Resp. Ex. 1, at 9).

On May 29, 2026, a different IJ ordered that Gonzalez Melendez be removed to Mexico. (Doc. 5-5, Resp. Ex. 4 at 3). Petitioner reserved his right to appeal, but according to the Executive Office of Immigration Review ("EOIR") website, either he did not timely file an appeal or the government has not updated its records. That is, there may or may not be a final order of removal in this case.

Petitioner argues that the government has misapplied 8 U.S.C. § 1225(b)(2)(A) to justify his detention. (Doc. 1, Pet. ¶ 29). For its part, the government has provided a familiar response brief with familiar arguments, i.e., "[p]etitioner is currently detained under 8 U.S.C. §1225(b)(2)(A) and is therefore ineligible for release under 8 U.S.C. § 1226(a)." (Doc. 5 at 19).

Such arguments contradict the government's actions in Gonzalez Melendez's case. Section 1225(b)(2)(A) is a mandatory detention statute that does not provide for release on bond. Section 1226(a) is a discretionary detention statute that allows release on bond. As indicated above, the

3

government provided the petitioner with a bond hearing on April 6, 2026. Furthermore, respondents have supplied a record indicating that an IJ proceeded under 8 C.F.R. § 1236.1(d) and determined that the petitioner was a danger to the community due to his two DUI arrests. (Doc. 5-4). By giving Gonzalez Melendez a bond hearing, the government treated the petitioner as a Section 1226(a) detainee, and those actions speak louder than any words in the respondents' brief. Section 1226(a) thus applies to the petitioner.[2]

The court turns to Gonzalez Melendez's claim that his procedural and substantive due process rights have been violated and that he should be released as a result. On this record, the court disagrees. Petitioner was provided with a bond hearing approximately 90 days ago.

A provision of the Immigration and Naturalization Act, 8 U.S.C. § 1226(e), provides that "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant,

---

[2] To the extent that the government raises its standard-issue Section 1225(b)(2)(A) versus Section 1226(a) argument, the court relies on its previous analyses, plus evidence of a bond hearing being provided, to reach the conclusion that Section 1226(a) applies to the petitioner. See Hernandez v. Warden, Pike Cnty. Corr. Ctr., No. 3:26CV1220, 2026 WL 1725860, at *2 n.2 (M.D. Pa. June 15, 2026).

4

revocation, or denial of bond or parole." Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (quoting 8 U.S.C. § 1226(e)).

On the face of Gonzalez Melendez's petition, he seeks to compel his release from immigration detention despite alleging no constitutional defect in the bond hearing he received on April 6, 2026. (Doc. 1 at 7). Absent such allegations, direct review of an IJ's bond decision is plainly precluded by Section 1226(e) and Borbot.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Fredi Gonzalez Melendez's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to close this case.

Date: 7/9/26

BY THE COURT:

**JUDGE JULIA K. MUNLEY**
**United States District Court**